FILED
U. S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 2 5 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

BY
DEPUTY_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | NO. 1:19-CR-101   UNDER SEAL |
| v. | § | |
| | § | |
| LARRY EARNEST TILLERY | § | |

## **AMENDED INFORMATION**

THE UNITED STATES ATTORNEY CHARGES:

### **Count One**

Violation: 18 U.S.C. § 1957 (Engaging in
Monetary Transactions in Property Derived
From Specified Unlawful Activity)

On or about July 14, 2014, in the Eastern District of Texas, **Larry Earnest**

**Tillery**, defendant, did knowingly engage and attempt to engage in a monetary

transaction by through or to a financial institution, affecting interstate or foreign

commerce, in criminally derived property of a value greater than $10,000, that is

directing P.I., a bettor, to transfer $200,000 from P.I.'s account, held at EagleBank, to

Tillery's Lamar Capital account, held at Community Bank in Beaumont, Texas, such

property having been derived from a specified unlawful activity, that is, 18 USC § 1955,

Conducting, Managing, Directing, or Owning an Illegal Gambling Business.

In violation of 18 U.S.C. § 1957.

## Count Two

Violation: 26 U.S.C. § 7201
(Tax Evasion)

From on or about September, 2016 until on or about November, 2016, **Larry Earnest Tillery,** defendant, had and received wagers subject to a 2% gross wagering excise tax in the sum of approximately $5,060,150.  Upon these taxable wagers, there was owing to the United States of America an excise tax of approximately $101,203.  Well knowing and believing the foregoing facts, the defendant, in the Eastern District of Texas, did willfully attempt to evade and defeat the excise tax due and owing by him to the United States of America for the September, 2016 through November, 2016, by failing to report said income on or before the due dates for monthly wagering tax filings as required by law, to any proper officer of the Internal Revenue Service, by failing to pay the Internal Revenue Service the excise tax, and by concealing and attempting to conceal from all proper officers of the United States of America his true and correct wagering tax due.

In violation of 26 U.S.C. § 7201.

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

### Criminal Forfeiture Pursuant to 18 U.S.C. § 982(a)(1)

Upon conviction of the offense alleged in Count One this information, Larry Tillery, defendant, shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1), all property, real or personal, constituting or traceable to gross profits or other proceeds

obtained from the offense; and all  property, real and personal, used or intended to be used to commit or to promote the commission of the offense, including but not limited to the following:

    a.  $230,100 in US currency seized from Larry Tillery during a traffic stop in Houston, Texas;

    b.  $215,200 in US currency seized during a traffic stop of J.V. in Houston, Texas;

    c.  $180,000 in US currency seized from H.Z. at the George Bush Intercontinental Airport (IAH) in Houston, Texas; and

    d.  $68,952 in US currency, a pearl necklace, Chanel pearl necklace, Chanel necklace, Chanel earrings, a Rolex watch with a gold and silver band, a black face with approximately 25 diamonds surrounding the face,  a Rolex Oyster Commander watch with a black band and grey and white face, a woman's Rolex watch with a white face and black band, a Rolex Oyster Perpetual watch with a gold band, a black face, and with approximately 34 diamonds surrounding the face, Tag Heuer watch, an autographed Joe Namath #12 Football Jersey, and an autographed Mark Ingram #22 Football Jersey seized from the defendant's home located at 5 Estates of Monteclaire Beaumont, Texas;

    e.  $219,529 in US currency seized from the residence of Brian Tillery

located at 4320 Christina Court, Beaumont, Texas;

f.  $4,300 in US currency seized from Daylight Motors located at 1355 11th Street, Beaumont, Texas;

g.  $4,278 in US currency seized from Daylight Motors located at 6140 Eastex Fwy., Beaumont, Texas;

h.  $1,035,625 in US currency from eight (8) seizures from Larry Tillery between April 14, 2017 through November 2, 2017.

## A.  Money Judgment

A sum of money in United States currency representing the amount of proceeds obtained as a result of the offense described in Counts One of this information, in violation of 18 U.S.C. § 1957. Specifically the defendant is responsible for $32,758,541, in addition to the property described in paragraphs a – h, above.

## B.  Substitute Assets

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;
it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18
U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value
of the forfeitable property described above.

By virtue of the commission of the offenses alleged in Count One of this
information, any and all interest the defendants have in the above-described property is
vested in the United States and hereby forfeited to the United States pursuant to 8 U.S.C.
§ 982(a)(7), § 981(a)(1)(c) and (G) & 28 USC § 2461.

JOSEPH D. BROWN
UNITED STATES ATTORNEY

Christopher Tortorice
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | NO. 1:19-CR- 101 |
| v. | § | |
| | § | |
| LARRY EARNEST TILLERY | § | |

## NOTICE OF PENALTY

### Count One

Violation:   18 U.S.C. § 1957 (Engaging in Monetary Transactions in Property Derived
From Specified Unlawful Activity)

Penalty:   Imprisonment of not more than ten (10) years, a fine not to exceed
$250,000, or twice any pecuniary gain to the defendant or loss to the
victim(s), or alternatively, twice the amount of criminally derived property,
or both.  A term of supervised release of not more than three (3) years.

Special Assessment: $100.00 for each count.

### Count One

Violation:   26 U.S.C. § 7201

Penalty:   Imprisonment of not more than five (5) years, a fine not to exceed $100,000
($500,000 in the case of a corporation), or both, together with the costs of prosecution. A
term of supervised release of not more than three years.

Special Assessment:   $ 100.00