IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 1:19CR101 |
| v. | § | |
| | § | |
| LARRY EARNEST TILLERY | § | |

## PLEA AGREEMENT

The defendant, **Lawrence Earnest Tillery**, the defendant's attorney, **Chip Lewis**,

and the United States Attorney for the Eastern District of Texas agree to the following,

pursuant to **Fed. R. Crim. P. 11(c)(1)(C):**

1.      **RIGHTS OF THE DEFENDANT:**  The defendant understands that accused

individuals have the following rights, among others:

        a.      to plead not guilty;

        b.      to have a trial by jury;

        c.      to have guilt proved beyond a reasonable doubt;

        d.      to confront and cross-examine witnesses and to call witnesses in
                defense; and

        e.      to not be compelled to testify against oneself.

2.      **WAIVER OF RIGHTS AND PLEA OF GUILTY:**  The defendant waives these

rights and agrees to enter a plea of guilty to Counts One and Two of the information,

which charges a violation of 18 U.S.C. § 1957, Engaging in Monetary Transactions in

Criminally Derived Property that is Derived from a Specified Unlawful Activity, Money

Laundering and 26 U.S.C. § 7201, Tax Evasion.  The defendant understands the nature

Plea Agreement – Page 1
Rev. 4/27/15

and elements of the crime to which guilt is admitted and agrees that the factual statement

the defendant has signed is true and will be submitted as evidence.

      3.    **SENTENCE:**  The maximum penalties the Court can impose for Count One

include:

      a.    imprisonment for a period not to exceed 10 years;

      b.    a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s), or alternatively, twice the amount of criminally derived property;

      c.    a term of supervised release of not more than 3 years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

      d.    a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk before sentencing;

      e.    forfeiture of property involved in or traceable to the criminal offense;

      f.    restitution to victims or to the community; and

      g.    costs of incarceration and supervision.

The maximum penalties the Court could impose for Count Two include:

      a.    imprisonment for a period not to exceed 20 years;

      b.    a fine not to exceed $500,000, or twice the value of the property involved, whichever is greater;

      c.    a term of supervised release of not more than 3 years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the

consequence could be imprisonment for the entire term of supervised release;

d.      a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk before sentencing;

e.      forfeiture of property involved in or traceable to the criminal offense;

f.      restitution to victims or to the community; and

g.      costs of incarceration and supervision.

4.      **AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(C)(1)(C)**:  The parties agree that the following stipulations yield the appropriate sentence in this case:

a.      The defendant will be sentenced to a term of imprisonment for 33 months.

b.      The defendant will forfeit property as set forth in paragraph 5 of this Agreement.

c.      The defendant will agree to pay restitution, as set forth in paragraph 6 of this Agreement;

d.      The defendant will pay the mandatory special assessment of $100.00 at or prior to the sentencing hearing.

e.      The defendant will pay a $1,000 fine for each count; and

f.      The defendant will be placed on supervised release for 2 years following his term of imprisonment.

The parties understand that the Court may decline to accept this agreement.  If the Court does not accept the agreement, the defendant will be given the opportunity to withdraw from the plea.

5.      **FORFEITURE**:  The defendant agrees to forfeit to the United States voluntarily and immediately all of the defendant's right, title, and interest to the following property which is subject to forfeiture pursuant to 18 USC § 982(a)(1) & 26 USC §§ 7301(a)-(e), 7303 & 28 USC § 2461:

a.      $230,100 in US currency seized from Larry Tillery during a traffic stop in Houston, Texas;

b.      $215,200 in US currency seized during a traffic stop of J.V. in Houston, Texas;

c.      $180,000 in US currency seized from H.Z. at the George Bush Intercontinental Airport (IAH) in Houston, Texas; and

d.      $68,952 in US currency, a pearl necklace, Chanel pearl necklace, Chanel necklace, Chanel earrings, a Rolex watch with a gold and silver band, a black face with approximately 25 diamonds surrounding the face,  a Rolex Oyster Commander watch with a black band and grey and white face, a woman's Rolex watch with a white face and black band, a Rolex Oyster Perpetual watch with a gold band, a black face, and with approximately 34 diamonds surrounding the face, Tag Heuer watch, an autographed Joe Namath #12 Football Jersey, and an autographed Mark Ingram #22 Football Jersey seized from the defendant's home located at 5 Estates of Monteclaire Beaumont, Texas;

e.      $219,529 in US currency seized from the residence of Brian Tillery located at 4320 Christina Court, Beaumont, Texas;

f.      $4,300 in US currency seized from Daylight Motors located at 1355 11th Street, Beaumont, Texas;

g.      $4,278 in US currency seized from Daylight Motors located at 6140 Eastex Fwy., Beaumont, Texas;

h.      $1,035,625 in US currency from eight (8) seizures from Larry Tillery between April 14, 2017 through November 2, 2017.

The defendant agrees that the property described in subparagraphs [a] – [h] is subject to forfeiture to the government pursuant to the aforementioned statute because the property constitutes proceeds traceable, directly or indirectly, to the illegal activity described in the indictment or were involved in the money laundering scheme described in Count One of the indictment.  The defendant agrees to fully assist the government in the forfeiture of the listed property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer the defendant's interest in any of the above property to the United States, and take whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.  The defendant agrees not to file a claim to the listed property in any civil proceeding, administrative or judicial, which may be initiated.  The defendant agrees to waive the right to notice of any forfeiture proceeding involving the above described property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding.  The defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets.  The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding.  The defendant agrees to waive any claim or defense under the Eighth

Amendment to the Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States or its subdivisions. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture. The defendant waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant and defendant's attorney also understand that the government may file motions for preliminary and final orders of forfeiture regarding the property described herein. The defendant and defendant's attorney agree that the government may file these motions unopposed and may state in the certificates of conference for these motions that the defendant has no objection to the relief sought without having to further contact the defendant or defendant's attorney.

**Cash Proceeds**

Approximately $32,758,541 in United States currency and all interest and proceeds traceable thereto. The defendant acknowledges that such sum in aggregate is property constituting or derived from proceeds obtained directly or indirectly as the result of the offenses described in this plea agreement. Defendant stipulates and agrees that all payments tendered towards the satisfaction of the money judgment shall be directed to Homeland Security Investigations and made payable to United States Customs and Border Protection, for the benefit of the United States Treasury Forfeiture Fund. The funds will be deposited into the Department of Treasury Forfeiture Fund for law

enforcement purposes, as determined by the Department of Treasury in accordance with Title 31, United States Code Section 9703.

**Substitute Assets**

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty.

6.   **RESTITUTION**

a.   The defendant agrees to pay restitution for the evasion of gross excise wagering taxes  to the Internal Revenue Service (IRS) in the total amount of $1,040,000 pursuant to 18 U.S.C. § 3663.

b.   The defendant agrees that the total amount of restitution reflected in this agreement results from the defendant's fraudulent conduct.

c.   The total amount of restitution for the evasion of gross wagering excise taxes consists of the following:  $140,000 from wagers accepted in 2011, $160,000 from wagers accepted in 2012, $160,000 from wagers accepted in 2013, $180,000 from wagers accepted in 2014, $200,000 from wagers accepted in 2015, and $200,000 from

wagers accepted in 2016.  Interest that may accrue pursuant to 18
U.S.C. § 3612 has not been calculated by the IRS.

d.      The defendant agrees to pay restitution as ordered by the Court in
any restitution order entered pursuant to this plea agreement.

e.      The defendant agrees to sign any IRS forms deemed necessary by
the IRS to enable the IRS to make an immediate assessment of that
portion of the tax and interest that the defendant agrees to pay as
restitution.  The defendant also agrees to sign IRS Form 8821 (Tax
Information Authorization).

f.      The defendant agrees not to file any claim for refund of taxes or
interest represented by any amount of restitution paid pursuant to
this agreement.

g.      The defendant agrees that he or she is liable for the fraud penalty
under 26 U.S.C. §§ 6663 or 6651(f) on the amount to be credited to
tax set forth in sub-paragraph (c) of this paragraph.  The defendant
agrees to the immediate assessment of the fraud penalty on the
amount to be credited to tax and agrees that, in order to enable the
IRS to make an immediate assessment of the fraud penalty, the IRS
forms the defendant agreed to sign in sub-paragraph (e) of this
paragraph will include the appropriate amount of the fraud penalty.
The defendant agrees not to challenge or dispute any fraud penalties
on the amount to be credited to tax.

h.     The defendant will receive proper credit for the payments made pursuant to this agreement.  Except as set forth in the previous sentence, however, nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time periods covered by this agreement or any other time period.

i.     The defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time periods covered by this agreement or any other time period.

j.     The defendant understands that he or she is not entitled to credit with the IRS for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the IRS and identified by it as pertaining to his particular liability.

k.     If the Court orders the defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment.  26 U.S.C. § 6201(a)(4).  The

defendant does not have the right to challenge the amount of the assessment.  26 U.S.C. § 6201(a)(4)(C).  Neither the existence of a restitution payment nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

l.   Payment:

(1)   The defendant agrees that, unless the Director of the Administrative Office of the United States Courts directs otherwise, all payments made pursuant to the Court's restitution order are to be sent only to the Clerk of the Court.

(2)   With each payment to the Clerk of the Court made pursuant to the district court's restitution order, the defendant will provide the following information: (i) the defendant's name and social security number; (ii) the district court docket number assigned to this case; (iii) the tax years or periods for which restitution has been ordered; and (iv) a statement that the payment is being submitted pursuant to the district court's restitution order.

(3)   The defendant agrees to include a request that the Clerk of the Court send the information, along with the defendant's payments, to the appropriate IRS office.

      (4)     The defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:  Internal Revenue Service, Attn: MPU, STOP 151 (Restitution), P.O. Box 47-421, Doraville, GA 30362.

7.    **GOVERNMENT'S AGREEMENT**:  The United States Attorney for the Eastern District of Texas agrees not to prosecute the defendant for any additional  criminal charges based upon the conduct underlying this agreement and more particularly described within the factual basis for this plea agreement and related to the defendant's plea of guilty.  After sentencing, the government will dismiss any remaining criminal charges against this defendant.

8.    **VIOLATION OF AGREEMENT**:  The defendant understands that upon violation of any provision of this agreement or any Court order or rule, or if the guilty plea pursuant to this agreement is vacated or withdrawn, the government will be free from its obligations under this agreement and may prosecute the defendant for all offenses of which it has knowledge.  In such event, the defendant waives any objections based upon delay in prosecution.

9.    **VOLUNTARY PLEA**:  This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement.

10.    **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**: Except as otherwise provided in this paragraph, the defendant waives the right to appeal

the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all

grounds.  The defendant further agrees not to contest the conviction, sentence, fine, order

of restitution, or order of forfeiture in any post-conviction proceeding, including, but not

limited to, a proceeding under 28 U.S.C. § 2255.  The defendant, however, reserves the

right to appeal the failure of the Court, after accepting this agreement, to impose a

sentence in accordance with the terms of this agreement.  The defendant also reserves the

right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

11.   **WAIVER OF RIGHT TO RECORDS**:  The defendant hereby waives all rights,

whether asserted directly or by a representative, to request or receive from any

department or agency of the United States any records pertaining to the investigation or

prosecution of this case, including without limitation any records that may be sought

under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. §

552a.

12.   **REPRESENTATION OF COUNSEL**:  The defendant has thoroughly reviewed

all legal and factual aspects of this case with defense counsel and is fully satisfied with

defense counsel's legal representation.  The defendant has received satisfactory

explanations from defense counsel concerning each paragraph of this plea agreement,

each of the defendant's rights affected thereby, and the alternatives to entering a guilty

plea.  After conferring with counsel, the defendant concedes guilt and has concluded that

it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

13.   **LIMITATIONS ON THIS AGREEMENT**:  This agreement is only binding on

the United States Attorney's Office for the Eastern District of Texas and does not bind

Plea Agreement – Page 12
Rev. 4/27/15

any other federal, state, or local prosecuting authority.  Nothing in this agreement shall be construed to release the defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

14.     **ENTIRETY OF AGREEMENT**:  This Plea Agreement consists of this document and the sealed addendum required by Local Rule CR-49.  References in this document to "agreement" or "Plea Agreement" refer to both this document and the sealed addendum.  The defendant, the defendant's attorney, and the government acknowledge that this agreement is a complete statement of the parties' agreement in this case.  It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties.  No other promises have been made or implied.

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY

Dated:  6.25.19

Christopher Tortorice
Assistant United States Attorney

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney.  I fully understand it and voluntarily agree to it.

Dated:  6-25-19

Larry Earnest Tillery
Defendant

I am counsel for the defendant.  I have carefully reviewed every part of this plea agreement with the defendant.  To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

Dated:  6.25-19

Chip Lewis
Attorney for Defendant