IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 1:19-CR-101 |
| | § | |
| LARRY EARNEST TILLERY | § | |

## PRELIMINARY ORDER OF FORFEITURE

On June 25, 2019, the defendant, Larry Earnest Tillery, entered a plea of guilty to Counts One and Two of the information.

Pursuant to 18 U.S.C. § 982(a)(1), 26 U.S.C. § 7301(a)-(e), 26 U.S.C. § 7303 and 28 U.S.C. § 2461, the defendant agreed to voluntarily and immediately forfeit all of the defendant's right, title, and interest to the below listed property to the United States:

**Personal Property:**

   a. $230,100.00 in U.S. Currency seized from Larry Tillery during a traffic stop in Houston, Texas;
   b. $215,200.00 in U.S. Currency seized during a traffic stop of J.V. in Houston, Texas;
   c. $180,000.00 in U.S. Currency seized from H.Z. at the George Bush Intercontinental Airport (IAH) in Houston, Texas;
   d. $68,952.00 in U.S. Currency, a pearl necklace, Chanel pearl necklace, Chanel necklace, Chanel earrings, a Rolex watch with a gold and silver band, a black face with approximately 25 diamonds surrounding the face, a Rolex Oyster Commander watch with a black band and gray and white face, a woman's Rolex watch with a white face and black band, a Rolex Oyster Perpetual watch with a gold band, a black face, and with approximately 34 diamonds surrounding the face, Tag Heuer watch, an autographed Joe Namath #12 Football Jersey, and an autographed Mark Ingram #22 Football Jersey seized from the defendant's home;
   e. $219,529.00 in U.S. Currency seized from the residence of Brian Tillery;
   f. $4,300.00 in U.S. Currency seized from Daylight Motors;
   g. $4,278.00 in U.S. Currency seized from Daylight Motors; and

    h. $1,035,625.00 in U.S. Currency from eight (8) seizures from Larry Tillery between April 14, 2017 through November 2, 2017.

**Cash Proceeds:**

A sum of money equal to $32,758,541.00 in United States currency and all interest and proceeds traceable thereto. The defendant acknowledges that such sum in aggregate is property constituting or derived from proceeds obtained directly or indirectly as the result of the offenses described in the plea agreement. Defendant stipulates and agrees that all payments tendered towards the satisfaction of the money judgment shall be directed to Homeland Security Investigations and made payable to United States Customs and Border Protection, for the benefit of the United States Treasury Forfeiture Fund. The funds will be deposited into the Department of Treasury Forfeiture Fund for law enforcement purposes, as determined by the Department of Treasury in accordance with Title 31, United States Code Section 9703.

By virtue of said plea and admission, the United States is now entitled to possession of the above-described property pursuant to 18 U.S.C. § 982(a)(1), 26 U.S.C. § 7301(a)-(e), 26 U.S.C. § 7303 and 28 U.S.C. § 2461 and Rule 32(b)(2) of the Federal Rules of Criminal Procedure.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. The United States is hereby authorized to seize the above-described property and it is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

2. That the above-described forfeited property is to be held by the United States and its agents and vendors, in their custody and control.

3. That pursuant to 21 U.S.C. § 853(n)(1), Supplemental Rule G(4)(a)(vi)(C), and the Attorney General's authority to determine the manner of publication of an order of forfeiture in a criminal case, the United States shall publish for at least 30 consecutive days at www.forfeiture.gov, notice of this Preliminary Order of Forfeiture, notice of the

**Preliminary Order of Forfeiture - Page 2**

United States' intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the defendant, having or claiming a legal interest in the above-described forfeited property must file a petition with the Court within 30 days of the final date of publication of notice, or of receipt of actual notice, whichever is earlier.

4. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

5. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

6. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**SIGNED** this the **28** day of **June, 2019.**

_____
Thad Heartfield
United States District Judge

**Preliminary Order of Forfeiture - Page 3**